# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

PEYTON HOPSON,                          )       CASE NO. 5:25-cv-817
                                        )
                                        )
        PETITIONER,                     )       CHIEF JUDGE SARA LIOI
                                        )
                                        )       MEMORANDUM OPINION
                                        )       AND ORDER
vs.                                     )
                                        )
ANNETTE CHAMBERS-SMITH,                 )
                                        )
                                        )
        RESPONDENT.                     )

*Pro se* petitioner Peyton Hopson ("Hopson") is a state inmate currently incarcerated at Allen-Oakwood Correctional Institution in Lima, Ohio. He filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, against respondent Annette Chambers-Smith ("Chambers-Smith" or "respondent"). (Doc. No. 1 (Petition).)

Hopson claims that his imprisonment violates his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment. (Doc. No. 1, at 5.[1]) Specifically, he alleges that he has contracted the Hepatitis C virus ("HCV"), and that under the "blanket" medical policy of the Ohio Department of Rehabilitations and Corrections ("ODRC"), he has been denied the "curative HCV treatment" for his condition. (*Id.* at 5–6.) According to Hobson, the curative HCV treatment is only available to prisoners when the disease has progressed to Stage 3 liver damage, and he argues that this ODRC policy "contravenes the medical community's standard treatment of HCV[.]" (*Id.*) Hopson challenges the constitutionality of his continued "confinement

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

in the face of the imminent dangers that are posed to him as the result of the denial of adequate medical treatment of his HCV condition[,]" and he insists that there is "no set of conditions of confinement in the State of Ohio [that] would be sufficient to remedy the Eighth Amendment violation being alleged." (*Id*. at 7.) Hopson suggests also that, if respondent fails to provide him with the curative HCV treatment, he should be immediately released. (*Id*. at 17.)

Under 28 U.S.C. § 2243, promptly after the filing of a petition for a writ of habeas corpus, a federal district court must undertake a preliminary review of the petition. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). A court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254; *see also Allen*, 424 F.2d at 141 (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Allen*, 424 F.2d at 141. The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Upon review, the Court finds that Hopson's claim is not cognizable in a habeas petition. Constitutional challenges to the fact or duration of a prisoner's confinement are the proper subject of a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93. S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Hopson, however, does not challenge the fact or duration of his confinement. Rather, he challenges the constitutionality of the medical care he is being provided during his incarceration. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser*, 411 U.S. at 499. Virtually every aspect of a prisoner's daily life that does

not affect the duration of his confinement is considered a "condition of confinement." An Eighth Amendment claim regarding the constitutional sufficiency of medical care is the type of conditions-of-confinement claim the Sixth Circuit has found to be non-cognizable on habeas corpus review. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (finding that "no grounds for habeas relief were established" where a prisoner alleged that his constitutional rights were violated because of delay and denial of medical treatment).

Hopson asserts, however, that no conditions would be sufficient to remedy the purported Eighth Amendment violation, and he therefore seeks immediate release from prison. (*Id.* at 7, 17.) The Supreme Court has held that release from confinement is "the heart of habeas corpus." *Preiser*, 411 U.S. at 498. Moreover, the Sixth Circuit, in *Wilson v. Williams*, permitted federal inmates to bring a habeas corpus action where they sought release from incarceration for a medically vulnerable subclass of inmates due to alleged conditions in the prison resulting from the COVID-19 pandemic where they claimed no set of conditions would be sufficient to remedy the alleged constitutional violation. *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)

*Wilson*, however, is distinguishable. In *Wilson*, the petitioners argued that the very nature of COVID-19 was such that there were "no mitigation efforts that [the prison] could undertake that would prevent the risk of contraction—and possibly later spread to the non-prison community—to any acceptable degree, other than immediate release of the Medically-Vulnerable Subclass." *Wilson*, 961 F.3d at 837–38. The court reasoned that where a petitioner's claims are such that no set of conditions would be constitutionally sufficient, the claim should be construed as challenging the fact or extent, rather than the conditions of the confinement. *Id.* (citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Terrell v. United States*, 564 F.3d 442, 446–48 (6th Cir. 2009)). Here, Hopson's claim that he is being denied sufficient medical care does not fall

into this category because (as he impliedly concedes)[2] the condition can be remedied if he receives the curative HCV treatment available to some Ohio prisoners. (*See* Doc. No. 1, at 5–6, 17.) Additionally, Hopson can pursue other remedies through a civil rights action. *See e.g. Mann v. Ohio Dep't of Rehab. & Corr.*, 814 F. App'x 134, 135–36 (6th Cir. 2020) (remanding 42 U.S.C. § 1983 action under the Eighth Amendment where Ohio prisoners claimed they were denied HCV medication under the ODRC's HCV treatment policy and sought damages and injunction compelling the defendants to provide the medication); *see also Atkins v. Parker*, 972 F.3d 734, 738 (6th Cir. 2020) (inmates challenging Tennessee's HCV treatment policy under § 1983 and seeking declaratory and injunctive relief).

Accordingly, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases, the Court denies the petition and dismisses this action. *See Martin*, 391 F.3d at 714. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 3, 2025

_____

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] As noted, Hopson seeks release in the event respondent did not afford him access to the curative HCV treatment. (*Id*. at 17.) He has, therefore, conceded that there exists a remedy short of immediate release.