UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEYTON HOPSON, | ) | CASE NO. 5:25-cv-817 |
| | ) | |
| PETITIONER, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ANNETTE CHAMBERS-SMITH, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On June 3, 2025, the Court entered judgment against petitioner Peyton Hopson ("petitioner" or "Hopson"), denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 3 (Memorandum Opinion and Order); Doc. No. 4 (Judgment Entry); *see* Doc. No. 1 (Petition).) Hopson now seeks, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the Court's judgment. (Doc. No. 7 (Motion).)

The Federal Rules of Civil Procedure do not expressly provide for reconsideration of a court's decisions and orders; however, a motion to reconsider may be treated as a motion to alter or amend a judgment pursuant to Rule 59(e). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617–18 (6th Cir. 2002). A Rule 59(e) motion is designed only "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quotation marks and citations omitted). It is not a vehicle to reargue a case, or present arguments that could have and should have been raised in connection with an earlier motion. *Sault Ste. Marie*

*Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). That is, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 764 F. Supp. 482, 488–89 (N.D. Ohio 1991).

Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-cv-171, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citation omitted). Accordingly, a Rule 59(e) motion to alter or amend may only be made for one of three reasons: (1) an intervening change in controlling law, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *See Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (quotation marks and citation omitted); *see, e.g., Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The proponent of the Rule 59(e) motion bears the burden of proof, and the decision to grant relief under the rule is within the sound discretion of the court. *See Engler*, 146 F.3d at 374 (citing *Keweenaw Bay Indian Cmty. v. United States*, 136 F.3d 469, 474 (6th Cir. 1998)).

"A 'manifest injustice' is an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary." *See Cummings Inc. v. BP Prods. N. Am., Inc.*, Nos. 3:06-cv-890, 3:07-cv-834, 2009 WL 3169463, at *2 (M.D. Tenn. Sept. 30, 2009) (quotation marks and citation omitted). The Sixth Circuit has indicated that the standard for manifest injustice is "an exacting standard" and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Heithcock v. Tenn. Dep't of Children's Servs.*, No. 3:14-cv-2377, 2015 WL 5970894, at *1 (M.D. Tenn. Oct. 14, 2015) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th. Cir. 2007)). Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e). *McDaniel v. Am. Gen.*

*Fin. Servs., Inc.*, No. 04-cv-2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007). When a petitioner "'views the law in a light contrary to that of [the c]ourt,' [his] 'proper recourse' is not by way of a motion for reconsideration 'but an appeal to the Sixth Circuit.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *Dana Corp.*, 764 F. Supp. at 489).

In the instant habeas petition, Hopson claimed that respondent Annette Chambers-Smith is violating his Eighth Amendment right to be free from cruel and unusual punishment by denying him a "curative HCV treatment" for his Hepatitis C. According to Hopson, respondent's decision was made pursuant to a "blanket" medical policy of the Ohio Department of Rehabilitation and Correction ("ODRC") that provides that the curative treatment is only available to prisoners with Hepatitis C when the disease has progressed to Stage 3 liver damage. (Doc. No. 1, at 5–6.) In his prayer for relief, Hopson sought "immediate[] release" if respondent "refuses to provide [p]etitioner with curative HCV treatment[.]" (*Id.* at 17.)

The Court determined that an Eighth Amendment claim, such as the one presented by Hopson, that challenges the sufficiency of medical care received by an inmate while incarcerated is "the type of conditions-of-confinement claim the Sixth Circuit has found to be non-cognizable on habeas corpus review." (Doc. No. 3, at 3 (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (finding that "no grounds for habeas relief were established" where a prisoner alleged that his constitutional rights were violated because of delay and denial of medical treatment)). Because petitioner was challenging the conditions of his confinement and not the fact or duration of his confinement, the Court followed well settled Sixth Circuit law that directs a "district court [to] dismiss the [habeas] claim without prejudice so the . . . petitioner could-refile as a [civil rights]

claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin*, 391 F.3d at 714).

The Court noted that petitioner claimed that no conditions existed to remedy the constitutional violation short of immediate release from confinement, which the Court acknowledged was "the heart of habeas corpus." (*Id*. at 3 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)). Nevertheless, the Court distinguished cases permitting habeas petitions challenging the conditions of confinement to proceed when no conditions exist to remedy the perceived violation, highlighting that petitioner, himself, conceded that the violation can be remedied if the curative HCV treatment is made available to him. (*Id*. at 3–4 (distinguishing *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)).

In his Rule 59(e) motion, Hopson insists that the Court's decision will result in manifest injustice because it "fails to recognize controlling precedent." (Doc. No. 7, at 3.) He cites the unreported Sixth Circuit decision of *Askew v. Caravajal*, No. 21-5126, 2021 U.S. App. LEXIS 35972 (6th Cir. Dec. 6, 2021) (only LEXIS cite available), for the proposition that this Court should have interpreted his petition as only seeking immediate release. (Doc. No. 7, at 4–5.) In *Askew*, the petitioner complained that prison officials had failed to protect him and other vulnerable inmates from contracting COVID-19. *Askew*, 2021 U.S. App. LEXIS 35972, at *4. While the petitioner alluded to certain precautionary measures designed to slow the spread of the virus, the Sixth Circuit noted that:

> a close reading of Askew's petition . . . shows that he seeks only his immediate release and claims that it is "impossible for prisoners like [him]" to meet CDC criteria and physically distance from other inmates at USP McCreary. Based on our holding in *Wilson* [*v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)], the district court erred by declining to review Askew's claim under § 2241.

*Id*.

Unlike the petitioner in *Askew*—or the petitioner in *Wilson, supra*, a case distinguished by this Court in its initial ruling—Hopson does not claim that it would be impossible for his asserted Eighth Amendment violation to be remedied in the prison setting. Rather, his prayer makes clear that he only seeks immediate release if he is not provided the curative HCV treatment. (Doc. No. 1, at 17 ("Therefore, petitioner asks that the Court grant the following relief: [i]f [r]espondent refuses to provide [p]etitioner with curative HCV treatment then to immediately release [p]etitioner.").) Petitioner complains that the Court has improperly relied on "one sentence" (namely, the prayer for relief) to decide that his claim is not cognizable on habeas review. (Doc. No. 7, at 5.) The entire petition, however, underscores that the alleged Eighth Amendment violation can be remedied by providing Hopson with treatment that is available to other inmates whose Hepatitis C has progressed to the point of causing liver damage. (*See, e.g.,* Doc. No. 1, at 5–6.) And while Hopson suggests that there are no conditions that would remedy his asserted constitutional violation, his only basis for making this claim is his observation that "no warden of any Ohio prison has the authority to override [the] ODRC medical policy for the treatment of HCV." (*Id*. at 7; *see* Doc. No. 7, at 5.) The fact that a warden is unable to voluntarily disregard ODRC policy does not mean that the appropriate court cannot fashion a remedy that, if warranted, would require prison officials to make the requested medical treatment available to Hopson.

Because it is evident from the petition that release from imprisonment is not the sole remedy to redress Hopson's Eighth Amendment concerns, this habeas court lacks jurisdiction over this matter. Hopson remains free to bring a civil rights action under 42 U.S.C. § 1983 in the

appropriate court.[1]

For the foregoing reasons, Hopson's motion for reconsideration (Doc. No. 7) is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: August 15, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[1] Petitioner insists that the availability of other remedies does not preclude him from using habeas corpus to remedy his alleged constitutional violation. (Doc. No. 7, at 5.) He further suggests that his prayer for relief should be read to convey the notion that, because respondent has already denied him the requested treatment (presumably through the administrative process), there exist no conditions short of immediate release that will remedy his Eighth Amendment claim. (*Id.*) Such a nonsensical interpretation would automatically convert every conditions-of-confinement case into a habeas action.