UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEYTON HOPSON, | ) | CASE NO. 5:25-cv-817 |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ANNETTE CHAMBERS-SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

At the request of the Sixth Circuit, the Court addresses the question of whether it would be appropriate to issue Petitioner, Peyton Hopson, a certificate of appealability from the Court's August 15, 2025 decision denying his motion for reconsideration. (Doc. No. 8; *see* Doc. No. 7 (Motion).) The Court elects not to issue such a certificate.

On June 3, 2025, the Court entered a Memorandum Opinion and Order denying Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 3 (MOO); Doc. No. 4 (Judgment Entry); *see* Doc. No. 1 (Petition).) In his petition, Petitioner alleged that Respondent violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him a particular treatment for his Hepatitis C virus. (Doc. No. 3, at 1 (citing Doc. No. 1, at 5).) In denying the petition, the Court determined that the claim was not cognizable in a habeas petition. (*Id.* at 2.)

On July 10, 2025, Petitioner sought reconsideration of the Court's decision, suggesting that the Court failed to recognize "controlling precedent." (Doc. No. 7, at 4–5 (citing *Askew v.*

*Caravajal*, No. 21-5126, 2021 U.S. App. LEXIS 35972 (6th Cir. Dec. 6, 2021) (only LEXIS cite available)). In denying reconsideration, the Court distinguished the unreported case cited by Petitioner (as it had distinguished the reported decision of *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) in its initial ruling), noting that by requesting release only in the event he was not given the requested medical treatment, Petitioner acknowledged that other remedies short of immediate release would address his alleged constitutional violation. Because Petitioner had conceded that immediate release was not the only condition that would remedy his asserted constitutional violation, this Court reaffirmed its determination that it lacked jurisdiction to consider the matter. (Doc. No. 8, at 5–6.)

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *See Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

In this case, because Petitioner acknowledged that there was a remedy short of immediate release that would remedy his asserted constitutional violation, it cannot be said that only immediate release would provide Petitioner relief from his alleged violation of his constitutional

rights. Under these circumstances, the law is clear that a conditions-of-confinement claim must be brought—not as a federal habeas action—but as a civil rights action. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (collecting cases). Hopson is not entitled to a certificate of appealability because jurists of reason would not find debatable this Court's decision that Petitioner's challenge to his conditions of confinement should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than as a habeas action. *See Rachal v. Quaterman*, 265 F. App'x 373, 377 (5th Cir. 2008); *see, e.g., Graham v. Floyd*, No. 20-cv-12828, 2023 WL 273990, at *2 (E.D. Mich. Jan. 18, 20203). Accordingly, the Court declines to issue a certificate of appealability, and further certifies that any appeal could not be taken in good faith.

    **IT IS SO ORDERED**.

Dated: November 14, 2025

                                            **HONORABLE SARA LIOI**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**